UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL FLORES,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO POLICE DEPARTMENT et al,<br><br>　　　　　　　　　　Defendant. | Case No.:  15cv2024 AJB (RBB)<br><br>**REPORT AND RECOMMENDATION GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [ECF NO. 16]** |

　　　On September 10, 2015, Plaintiff Rafael Flores, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. 1983 [ECF No. 1].  On November 25, 2015, Defendants filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6); or, Alternatively, for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e) [ECF No. 16].  Plaintiff filed a Response in Opposition to Defendants' Motion [ECF No. 20], and Defendants filed a Reply [ECF No. 23].  For the following reasons, Defendants' Motion to Dismiss should be **GRANTED** in part and **DENIED** in part.

//
//
//

# I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is currently incarcerated at George Bailey Detention Facility in San Diego, California. (See Notice Change Address, ECF No. 28.) Flores brings this civil rights action against the San Diego Police Department and several individual police officers: Bradley, Sullivan, Stanley, and Jones. (Compl. 1-2, ECF No. 1.)[1] The events giving rise to the action occurred before Flores was taken into custody.

Plaintiff alleges that on March 19, 2014, at 29th Street and Commercial Street in San Diego, California, San Diego Police Officer Bradley tased Flores while Plaintiff was on a ten to thirteen foot fence, causing Plaintiff to fall to the ground and land on his head. (Id. at 1-2.) Plaintiff claims there was no life-threatening situation justifying Bradley's actions. (Id. at 2.) Flores alleges that after he was tased, San Diego Police Officer Sullivan "jumped on him," put him in a carotid choke hold, and "repeatedly hammer-fisted" Plaintiff on the back of the head. (Id. at 2-3.) Flores contends that Sullivan was "trying to knock [Plaintiff] into a coma" while Flores was "running out of fright." (Id. at 3.) Flores contends that Defendant Officer Stanley pushed Plaintiff causing him to fall after he was tased. (Id. at 2.) Plaintiff contends that San Diego Police Officer Jones handcuffed him "after everything occurred." (Id.)

Flores claims that his head was "cracked open" and he was rendered unconscious as a result of Defendants' actions. (Id. at 3.) He also alleges he suffered from cracked and broken ribs. (Id.) Plaintiff was taken to the UCSD Intensive Care Unit to be treated for his injuries. (Id.) Flores claims that he has pain in his rib area and suffers from "random black-outs" and a loss of vision. (Id. at 4.) Plaintiff also has numbness and severe pain in both arms and legs, and has difficulty holding a book in his hands due to numbness. (Id.)

//

---

[1] All citations are to the page numbers assigned by the Court's electronic case filing system.

## II.  LEGAL STANDARD

### A.  Motion to Dismiss for Failure to State a Claim

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint.  See Davis v. Monroe Cty. Bd. of Educ., 526 U.S. 629, 633 (1999).  "The old formula -- that the complaint must not be dismissed unless it is beyond doubt without merit -- was discarded by the Bell Atlantic decision [Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007)]."  Limestone Dev. Corp. v. Vill. of Lemont, 520 F.3d 797, 803 (7th Cir. 2008).

A complaint must be dismissed if it does not contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp., 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).   The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff.  Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004) (citing Karam v. City of Burbank, 352 F.3d 1188, 1192 (9th Cir. 2003)); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995); N.L. Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

The court does not look at whether the plaintiff will "ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Bell Atl. Corp. v. Twombly, 550 U.S. at 563 n.8.  The court need not accept conclusory allegations in the complaint as true; rather, it must "examine whether [they] follow from the description of facts as alleged by the plaintiff."  Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992) (citation omitted); see Halkin v. VeriFone, Inc., 11 F.3d 865, 868 (9th Cir. 1993); see also Cholla Ready Mix, Inc., 382 F.3d at 973 (quoting Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994) (stating that on a Rule 12(b)(6) motion, a court "is not required to accept legal

conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.")). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

**B.   Standards Applicable to Pro Se Litigants**

Where a plaintiff appears in propria persona in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, courts may not "supply essential elements of claims that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Id.; see also Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984) (finding conclusory allegations unsupported by facts insufficient to state a claim under § 1983). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." Jones, 733 F.2d at 649 (citation omitted) (internal quotation marks omitted).

Nevertheless, the court must give a pro se litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Thus, before a pro se civil rights complaint may be dismissed, the court must provide the plaintiff with a statement of the complaint's deficiencies. Karim-Panahi, 839 F.2d at 623-24. But where amendment of a pro se litigant's complaint would be futile, denial of leave to amend is appropriate. See James v. Giles, 221 F.3d 1074, 1077 (9th Cir. 2000).

## C.   Fourth Amendment Excessive Force Claim

In the course of arresting an individual, the Fourth Amendment prohibition against unreasonable seizures permits law enforcement officers to use the degree of force that is "objectively reasonable" under the circumstances.  Graham v. Connor, 490 U.S. 386, 397 (1989); see also Gravelet–Blondin v. Shelton, 728 F.3d 1086, 1090 (9th Cir. 2013) ("The Fourth Amendment, which protects against excessive force in the course of an arrest, requires that we examine the objective reasonableness of a particular use of force to determine whether it was indeed excessive.").  To assess objective reasonableness, the court weighs "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Graham, 490 U.S. at 396 (citation omitted) (internal quotation marks omitted); accord Headwaters Forest Def. v. Cty. of Humboldt, 240 F.3d 1185, 1198 (9th Cir. 2001). Because the Fourth Amendment test for reasonableness is inherently fact specific, see Chew v. Gates, 27 F.3d 1432, 1443 (9th Cir. 1994) (citing Reed v. Hoy, 909 F.2d 324, 330 (9th Cir. 1989)), it is a test that escapes "mechanical application" and "requires careful attention to the facts and circumstances of each particular case," Graham, 490 U.S. at 396; accord Fikes v. Cleghorn, 47 F.3d 1011, 1014 (9th Cir. 1995).

Excessive force analysis involves three steps: (1) assessing the severity of the intrusion on the individual's constitutional rights by evaluating the type and amount of force inflicted, (2) evaluating the government's interest in the use of force, and (3) balancing the gravity of the intrusion on the individual's rights against the government's need for that intrusion.  Lowry v. City of San Diego, 818 F.3d 840, 847 (9th Cir. 2016). The government's interest in the use of force depends on numerous factors, including the severity of the underlying crime, whether the suspect posed an immediate threat to the safety of officers or others, and whether the suspect was actively resisting arrest or attempting to evade arrest.  Mattos v. Agarano, 661 F.3d 433, 441 (9th Cir. 2011).  The most important consideration is whether objective factors show that the suspect posed an immediate threat to safety.  Id.  Balancing the individual's Fourth Amendment interests

against the governmental interests requires an examination of "the totality of the circumstances, including whatever factors may be relevant in a particular case." Marquez v. City of Phoenix, 693 F.3d 1167, 1174-75 (9th Cir. 2012).

"The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 490 U.S. at 396. This does not mean that police officers are required to use the least amount of force possible; rather, the amount of force employed must be reasonable under all the relevant circumstances. See Forrester v. City of San Diego, 25 F.3d 804, 806 (9th Cir. 1994). In fact, the officer's right to make an arrest necessarily includes the right to use some force in doing so. Graham, 490 U.S. at 396; Cunningham v. Gates, 229 F.3d 1271, 1290 (9th Cir. 2000). In Graham, the Court instructed that "[d]etermining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." 490 U.S. at 396 (quoting another source) (internal quotation marks omitted). A list of non-exclusive factors used to analyze the reasonableness of the force used may include "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." See Kingsley v. Hendrickson, 576 U.S. ___, ___, 135 S. Ct. 2466, 2473 (2015).

### III.   DISCUSSION

Defendants move to dismiss Plaintiff's claims against each of the individual Defendants, claiming that the Complaint fails to state sufficient facts under 42 U.S.C. § 1983. (Defs.' Mot. Dismiss Attach. #1 Mem. P. & A. 12, ECF No. 16.) Alternatively, Defendants move for a more definite statement, arguing that Flores should be required to clarify whether he alleges claims for excessive force under the Fourth or the Eighth

Amendment. (Id. at 24.) The Court will address the claims against each Defendant separately.

### A.  Claim Against Defendant Bradley

Plaintiff has alleged that Defendant Bradley tased him while Flores was on a fence, causing Plaintiff to fall and sustain injuries. (Compl. 3, ECF No. 1.) The Ninth Circuit has held that the use of a taser in dart mode against a passive bystander was an intrusion on an individual's Fourth Amendment interests because it involves "an intermediate level of force with 'physiological effects, [ ] high levels of pain, and foreseeable risk of physical injury.'" Gravelet-Blondin, 728 F.3d 1088, 1091 (9th Cir. 2013) (alteration in original) (quoting Bryan v. MacPherson, 630 F.3d 805, 825 (9th Cir. 2010)). "[T]asers and stun guns fall into the category of non-lethal force." Bryan, 630 F.3d at 825. "Non-lethal, however, is not synonymous with non-excessive; all force—lethal and non-lethal—must be justified by the need for the specific level of force employed." Id. (citing Graham, 490 U.S. at 395.) Even so, a plaintiff's Fourth Amendment rights are not violated if the "officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham, 490 U.S. at 397.

Defendants argue that Flores fails to provide a sufficient factual context for the alleged excessive force incident, such as "what lead up to the initial encounter with the police, the plaintiff's reaction to the initial encounter with the police, plaintiff's response to the Defendants and their use of force, and how the incident was resolved . . . and whether the plaintiff was arrested or not." (Defs.' Mot. Dismiss Attach. #1 Mem. P. & A. 16, ECF No. 16.) Defendants rely on Hoffmann v. Jourdan, No. 2:14–cv–2736 MCE KJN P, 2015 WL 6438249, at *3-4 (E.D. Cal. Oct. 22, 2015) (granting a motion to dismiss for failure to provide sufficient factual foundation for the excessive force allegations). In that case, plaintiff alleged she suffered a broken left eye orbital bone and nose, and sustained long term jaw, spine, and brain injury, as well as a miscarriage, heart circulation issues, strokes, seizures, and scar burns, after police officers broke down her

1 motel room door, punched her in the face, tased her, and jumped on her. Hoffmann v.
2 Jourdan, 2015 WL 6438249, at *1. In dismissing the claim with leave to amend, the
3 court noted that it was "unable to evaluate the totality of the circumstances" because
4 plaintiff failed to "fully set forth the circumstances surrounding this incident, including
5 her own actions . . . ." Id. at *3.

6 Here, Flores claims there was no "life-threatening situation" justifying the use of a
7 taser by Officer Bradley. (Compl. 2, ECF No. 1.) Plaintiff alleged that he was "running
8 out of fright" and was on a ten-to-thirteen-foot fence when Defendant Bradley used the
9 taser gun on him. (Id. at 3.) In Cabral v. Cty. of Glenn, 624 F. Supp. 2d 1184, 1191
10 (E.D. Cal. 2009), the court found that the plaintiff had adequately pleaded an excessive
11 force claim where a pretrial detainee claimed that during an attempted cell extraction, the
12 defendant utilized his taser multiple times on the plaintiff, who was naked, unarmed, and
13 hiding behind a toilet. The court found the allegations sufficient to survive a motion to
14 dismiss and explained that "[t]he reasonableness of those actions is most properly a
15 question for the finder of fact." Id.

16 "To survive a motion to dismiss, a complaint must contain sufficient factual
17 matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft
18 v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 547). A claim is
19 facially plausible when the factual allegations permit "the court to draw the reasonable
20 inference that the defendant is liable for the misconduct alleged." Id. In other words,
21 "the non-conclusory 'factual content,' and reasonable inferences from that content, must
22 be plausibly suggestive of a claim entitling the plaintiff to relief. Moss v. U.S. Secret
23 Service, 572 F.3d 962, 969 (9th Cir. 2009).

24 In this case, Flores alleged that Defendant used a taser gun on him while he was
25 running away, and as a result, Plaintiff fell and sustained serious injury to his head.
26 (Compl. 1-3, ECF No. 1.) Taking the factual allegations as true and making all
27 reasonable inferences, Plaintiff's allegations that Defendant Bradley's tasing of Flores
28 was unreasonably excessive under the circumstances is plausible. Accordingly,

1  Defendants' Motion to Dismiss Plaintiff's Fourth Amendment claim against Officer
2  Bradley should be **DENIED**.
3  **B.     Claim Against Defendant Sullivan**
4       Flores alleges that after Plaintiff was tased and fell from the fence, Defendant
5  Sullivan "jumped on him" and rendered him unconscious. (Compl. 2-3, ECF No. 1.)
6  Plaintiff claims that Sullivan put him in a carotid choke hold and "repeatedly hammer-
7  fisted" him on the back of the head. (Id.) Defendants move to dismiss these allegations
8  as "vague and conclusory," arguing that Plaintiff fails to support his claims with a proper
9  factual foundation. Defs.' Mot. Dismiss Attach. #1 Mem. P. & A. 16, ECF No. 16.)
10 They contend that Flores fails to state sufficient facts for the Court to infer that Defendant
11 acted unreasonably because Plaintiff did not allege why the encounter with the police
12 occurred, or whether Plaintiff attempted to injure or harm any of the Defendants. (Id. at
13 17.) The Court disagrees. Plaintiff has stated a plausible claim for excessive force
14 against Defendant Sullivan. See Davis v. City of San Jose, 69 F. Supp. 3d 1001, 1006
15 (N.D. Cal. 2014) (finding that plaintiff alleged sufficient facts to support an excessive
16 force claim where he claimed that defendants "continued to strike him after he was on the
17 ground, and placed him into a chokehold that ultimately caused him to lose
18 consciousness").
19      Additionally, Plaintiff alleges that Defendant Sullivan "jumped on him" and
20 hammer-fisted the back of Flores's head "numerous times" after Plaintiff was hit with the
21 taser and fell from the fence. (Compl. 3, ECF No. 1.) Flores claims that Sullivan's
22 actions rendered him unconscious and that he had to be taken to a hospital to be treated
23 for injuries to his head and ribs. (Id.) The force used by law enforcement officials after
24 an arrestee is under complete control of officers, or is otherwise helpless, may be
25 excessive. See LaLonde v. Cty. of Riverside, 204 F.3d 947, 961 (9th Cir. 2000) (holding
26 that subjecting an arrestee to prolonged exposure to pepper spray constituted excessive
27 force); Mendoza v. Block, 27 F.3d 1357, 1362 (9th Cir. 1994) (explaining that "excessive
28 force has been used when a deputy sics a canine on a handcuffed arrestee who has fully

1 surrendered and is completely under control[]"). The Defendant's conduct, as well as the
2 seriousness of Plaintiff's injuries, if taken as true, suggest that Flores's claim of excessive
3 force against Sullivan is facially plausible. Iqbal, 556 U.S. at 678. Defendants' Motion
4 to Dismiss Plaintiff's Fourth Amendment claim against Officer Sullivan should be
5 **DENIED**.

6 **C.    Claims Against Defendants Stanley and Jones**

7 Flores contends that Defendant Officer Stanley pushed Plaintiff causing him to fall
8 after he was tased. (Compl. 2, ECF No. 1.) Plaintiff alleges that San Diego Police
9 Officer Jones handcuffed him "after everything occurred." (Id. at 2.) Defendants Stanley
10 and Jones move to dismiss the claims against them, arguing that the Complaint fails to
11 allege facts sufficient to state a claim that the Defendants' conduct constituted excessive
12 force. (Defs.' Mot. Dismiss Attach. #1 Mem. P. & A. 21-23, ECF No. 16.)

13 "'Not every push or shove, even if it may later seem unnecessary in the peace of a
14 judge's chambers,' violates the Fourth Amendment." Graham v. Connor, 490 U.S. at 396
15 (quoting Johnson v. Glick, 481 F.2d, 1028, 1033 (2d Cir. 1973)). To state an excessive
16 force claim under the Fourth Amendment, a plaintiff must allege that Defendant's use of
17 force was objectively unreasonable in light of the facts and circumstances confronting the
18 officer; the officer's underlying intent or motivation is not part of the inquiry. Id. at 397,
19 399. An example of the objective analysis can be found in Lawson v. Youngblood, No.
20 1:09–cv–00992–MJS (PC), 2011 WL 826353, at *4 (E.D. Cal. Mar. 3, 2011). In
21 Lawson, the court held that a plaintiff who alleges "a push from behind causing him to
22 fall to the ground at a time when he was fully restrained at the ankle, waist, and wrists"
23 sufficiently states an excessive force claim. Although Flores was not in restraints at the
24 time of his interactions with Stanley, Flores had been tased. His setting is analogous to
25 that in Lawson. Therefore, the allegations against Stanley are adequate to give rise to a
26 plausible excessive force claim.

27 As to Jones, however, Plaintiff fails to allege sufficient facts to state a claim for
28 excessive force based on placing him in handcuffs. An officer's refusal to remove tight

handcuffs from a prisoner's wrists may constitute excessive force when the prisoner's repeated pleas to loosen the cuffs are alleged to have been ignored, and he complains of pain or injury as a result. See Wall v. Cty. of Orange, 364 F.3d 1107, 1112 (9th Cir. 2004); Alexander v. Cty. of Los Angeles, 64 F.3d 1315, 1322-24 (9th Cir. 1995). "[T]ight handcuffing can constitute excessive force." Lalonde v. Cty. of Riverside, 204 F.3d at 960. Flores does not allege that his handcuffs caused him any pain or discomfort, or that he asked Defendant to loosen the cuffs.

In his Opposition to Defendants' Motion to Dismiss, Plaintiff argues that his claims against Defendants Stanley and Jones should not be dismissed because his Complaint survived the initial screening. (Pl.'s Resp. Opp'n 3, ECF No. 20.) He also contends that Defendants Stanley and Jones stood by and allowed "their fellow officers to induce excessive force . . . ." (Id.) Defendants reply that to the extent Flores is attempting to argue a new theory of liability, he has not stated the factual elements for this theory in his operative pleading. (Defs.' Reply 8, ECF No. 23.) Defendants point out that Plaintiff's Complaint does not allege that Stanley and Jones were actually present when Defendants Bradley and Sullivan allegedly used excessive force on Flores. (Id.)

Even under a liberal interpretation of Plaintiff's pro se Complaint, the Court may not "supply essential elements of claims that were not initially pled." Ivey, 673 F.2d at 268. Plaintiff's allegations against Jones, as stated, do not provide sufficient factual support for his excessive force claim against the Defendant. For these reasons, Defendants' Motion to Dismiss Plaintiff's Fourth Amendment claims against Officer Jones should be **GRANTED**, but the Motion to Dismiss claims against Officer Stanely should be **DENIED**.

**D.     Defendant San Diego Police Department**

In his Complaint, Flores named as Defendant the San Diego Police Department. (Compl. 1, ECF No. 1.) Defendants are moving to dismiss the San Diego Police Department, claiming that the municipal department is not a proper defendant in this action. (Defs.' Mot. Dismiss Attach. #1 Mem. P. & A. 23, ECF No. 16.)

"To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law." Campbell v. Washington Dep't of Soc. Servs., 671 F.3d 837, 842 n.5 (9th Cir. 2011) (citing Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987)).

Flores fails to state a claim against Defendant San Diego Police Department because this entity is not a "person" acting under color of state law subject to suit under § 1983. See Vance v. Cty. of Santa Clara, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("'Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.'") (quoting Stump v. Gates, 777 F. Supp. 808, 816 (D. Colo. 1991)); accord Powell v. Cook Cty. Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person' . . . ."). Accordingly, because San Diego Police Department is not a "person" acting under color of state law, Defendants' Motion to Dismiss claims against it should be **GRANTED**.

### IV.   CONCLUSION AND RECOMMENDATION

Defendants' Motion to Dismiss Plaintiff's Fourth Amendment excessive force claims against Bradley, Sullivan, and Stanley should be **DENIED**. The Court should **GRANT** Defendants' Motion to Dismiss Plaintiff's Fourth Amendment excessive force claims against Jones and San Diego Police Department. The Court recommends **GRANTING** Plaintiff leave to amend the claims against Jones. The Court recommends **DENYING** leave to amend as to Defendant San Diego Police Department. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (explaining that leave to amend should be given unless amendment would be futile).

This Report and Recommendation will be submitted to the United States District Court judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party may file written objections with the Court and serve a copy on all parties on or before August 1, 2016. The document should be captioned "Objections to Report and

1  Recommendation."  Any reply to the objections shall be served and filed on or before
2  August 15, 2016.
3       The parties are advised that failure to file objections within the specified time may
4  waive the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157
5  (9th Cir. 1991).
6  Dated:  July 5, 2016

*[signature: Ruben Brooks]*

Hon. Ruben B. Brooks
United States Magistrate Judge

13

15cv2024 AJB (RBB)