UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL FLORES,<br><br>                    Petitioner,<br><br>v.<br><br>SAN DIEGO POLICE DEPARTMENT; BRADLEY, Police; SULLIVAN, Police; STANLEY, Police; JONES, Police,<br><br>                    Respondents. | Case No.: 15-CV-2024-AJB-RBB<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION, (Doc. No. 29); AND**<br><br>**(2) GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND FOR MORE DEFINITE STATEMENT, (Doc. No. 16)** |

Petitioner Rafael Flores ("Petitioner") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff filed his complaint on September 10, 2015, in which he asserts a claim for excessive use of force against the San Diego Police Department ("SDPD") and Police Officers Bradley, Sullivan, Stanley, and Jones (collectively, "Defendants").[1] Pending before the Court is Defendants' motion to dismiss the complaint for failure to state a claim

---

[1] Petitioner sues the officers in their individual capacities. (Doc. No. 1.)

1

and for a more definite statement. (Doc. No. 16.) Pursuant to 28 U.S.C. § 636(b)(1)(A), United States Magistrate Judge Brooks submitted a Report and Recommendation ("R&R") to this Court, recommending Defendants' motion be granted in part and denied in part. (Doc. No. 29.) Judge Brooks required the parties to file objections by August 1, 2016. No objections were filed. Having considered the parties' submissions and the applicable law, and finding the R&R to be well reasoned, the Court **ADOPTS** the R&R and **GRANTS** in part and **DENIES** in part Defendants' motion.

## BACKGROUND

This dispute arises from an altercation that took place between Petitioner and Defendants on March 19, 2014.[2] Petitioner asserts he was fleeing from police officers out of fright. While he was on a fence approximately ten to thirteen feet aboveground, Officer Bradley tased him, causing him to fall and land on his head. Officer Sullivan then proceeded to choke Petitioner in a carotid chokehold and "hammer fist" him on the back of his head. Officer Stanley pushed Petitioner at some point after he had been tased, and Officer Jones handcuffed him.

Following this incident, Petitioner was transported to the intensive care unit at the University of California, San Diego for treatment. Petitioner asserts his head was "cracked open" and his ribs were broken as a result of this altercation. Petitioner further asserts that, to this day, he suffers from nerve pain and numbness in his limbs, as well as blackouts that last for minutes at a time.

In response to this incident, Petitioner instituted this action by filing the operative complaint on September 10, 2015, asserting one claim for excessive use of force. (Doc. No. 1.) On November 25, 2015, Defendants filed the instant motion to dismiss and for a more definite statement. (Doc. No. 16.) Petitioner filed an opposition, (Doc. No. 20), and Defendants filed a reply, (Doc. No. 23). On July 7, 2016, Magistrate Judge Brooks issued an R&R, recommending that the Court grant in part and deny in part Defendants' motion.

---

[2] All facts contained in this section are taken from the complaint. (Doc. No. 1.)

(Doc. No. 29.) Magistrate Judge Brooks permitted the parties until August 1, 2016, to file objections to the R&R. (*Id.* at 12.) To date, no objections have been filed.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's report and recommendation. The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see United States v. Remsing*, 874 F.2d 614, 617–18 (9th Cir. 1989). However, in the absence of timely objections, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note (1983); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

## DISCUSSION

### I. Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6)

Defendants seek dismissal of the cause of action as alleged against the individual officers for failure to provide sufficient facts to withstand Rule 12(b)(6) scrutiny.[3] (Doc. No. 16-1 at 11–23.) They further seek dismissal of the complaint as alleged against the SDPD because it is not a "person" for purposes of § 1983. (*Id.* at 23–24.)

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure[4]

---

[3] Defendants seek dismissal of what they construe as two separate claims. (Doc. No. 16-1 at 11–23.) While the Court agrees it could be clearer that Petitioner asserts only a single claim, the "second" claim appears to be nothing more than further details of the injuries Petitioner sustained as a result of the officers' actions as outlined in the "first" claim. Accordingly, the Court construes Petitioner's complaint as alleging only a single cause of action. The Court notes Magistrate Judge Brooks treated the complaint in a similar fashion.

[4] All references to "Rule" are to the Federal Rules of Civil Procedure.

tests the legal sufficiency of a plaintiff's complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "The court may dismiss a complaint as a matter of law for (1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan*, 88 F.3d 780, 783 (9th Cir. 1996) (citation and internal quotation marks omitted). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true and drawing all reasonable inferences in favor of the nonmoving party. *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters*, 497 F.3d 972, 975 (9th Cir. 2007).

Notwithstanding this deference, the reviewing court need not accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged[.]" *Associated Gen. Contractors, Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*, 556 U.S. at 679.

Neither party timely filed objections. Having reviewed the R&R, the Court finds Magistrate Judge Brooks's R&R is thorough, well-reasoned, and contains no clear error. Accordingly, the Court **ADOPTS** the R&R in its entirety. The Court thus **GRANTS** in part and **DENIES** in part Defendants' motion to dismiss. Specifically, the motion is **DENIED** to the extent Defendants argue the complaint fails to state a claim as to Officers Bradley, Sullivan, and Stanley, but is **GRANTED** as to Officer Jones and the SDPD. The complaint is **DISMISSED WITHOUT PREJUDICE** as to Officer Jones. The complaint is **DISMISSED WITH PREJUDICE** as to the SDPD. *See Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) (explaining leave to amend should be granted unless amendment would be futile); *Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) (dismissing § 1983 claim with prejudice as alleged against the Santa Clara

1  Department of Corrections because it "is an agency of the County of Santa Clara," and
2  while "[t]he County is a proper defendant in a § 1983 claim, an agency of the County is
3  not").

### II.   *Motion for More Definite Statement Under Rule 12(e)*

Defendants alternatively ask the Court to order Petitioner to file a more definite statement. (Doc. No. 16-1 at 24–28.) Specifically, they ask that Petitioner clarify whether he is asserting his claims under either the Fourth Amendment, the Eighth Amendment, or both. (*Id.* at 24–27.) They also ask that Petitioner clarify whether he is asserting two separate causes of action. (*Id.* at 27–28.) The R&R does not address this argument.

Rule 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "[T]he proper test in evaluating a motion under Rule 12(e) is whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." *Federal Sav. & Loan Ins. Corp. v. Musacchio*, 695 F. Supp. 1053, 1060 (N.D. Cal. 1988). However, Rule 12(e) motions are disfavored and rarely granted absent "the complaint [being] so indefinite that the defendant cannot ascertain the nature of the claim being asserted." *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). Accordingly, "[s]uch a motion is likely to be denied where the substance of the claim has been alleged, even though some of the details are omitted." *Id.*

The Court finds granting Defendants' motion is not necessary at this time. As explained *supra*, the Court finds the complaint is appropriately interpreted as alleging a single cause of action against Defendants. *See supra* note 3. Furthermore, whether Petitioner's claim is brought to vindicate his Fourth Amendment rights versus his Eighth Amendment rights is a question the answer to which "is obtainable through the discovery process." *Medrano v. Kern Cnty. Sheriff's Officer*, 921 F. Supp. 2d 1009, 1013 (E.D. Cal. 2013). The Court does note that Magistrate Judge Brooks construed Petitioner's claim as asserting a violation of his Fourth Amendment rights. (Doc. No. 29 at 5.) The Court agrees

that this is an appropriate construction given Petitioner's allegations that he was fleeing the officers out of fright. (Doc. No. 1 at 3.) The Court therefore **DENIES** Defendants' motion for a more definite statement. To the extent Petitioner intended to also assert a claim for violation of his Eighth Amendment rights, he may clarify so in an amended complaint.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Brooks's R&R, (Doc. No. 39), and **ORDERS** as follows: Defendants' motion to dismiss for failure to state a claim is **GRANTED** in part and **DENIED** in part. (Doc. No. 16.) The complaint is **DISMISSED WITHOUT PREJUDICE** as to Officer Jones and **DISMISSED WITH PREJUDICE** as to the San Diego Police Department. Petitioner may file an amended complaint curing the deficiencies noted herein within *sixty days* of this order's issuance. Failure to do so will result in dismissal of Officer Jones and any Eighth Amendment claims Petitioner intended to assert with prejudice. Defendants' motion for a more definite statement is **DENIED**. (Doc. No. 16.)

**IT IS SO ORDERED.**

Dated: August 22, 2016

Hon. Anthony J. Battaglia
United States District Judge