UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL FLORES,<br><br>         Plaintiff,<br><br>v.<br><br>SAN DIEGO POLICE DEPARTMENT et al.,<br><br>         Defendants. | Case No.: 15cv2024 AJB (RBB)<br><br>**REPORT AND RECOMMENDATION GRANTING MOTION FOR DEFAULT**<br>**[ECF NO. 44]** |

On January 5, 2017, Counterclaimants City of San Diego and John Sullivan (the "Counterclaimants") filed a "Request for Entry of Default of Counter-Defendant Rafael Flores as to Any and All Counterclaims Asserted by Counterclaimants City of San Diego and Officer John Sullivan" (the "Motion for Default") [ECF No. 44]. No opposition to or reply in support of the Motion for Default was filed. For the reasons discussed below, the Motion for Default [ECF No. 44] should be **GRANTED**, and the Clerk of Court should enter a default against Plaintiff as to the Counterclaims.

## I. BACKGROUND

Plaintiff Rafael Flores filed his lawsuit against several Defendants on September 10, 2015 [ECF No. 1]. On November 25, 2015, the Defendants filed a Motion to Dismiss or for a More Definite Statement [ECF No. 16]. The Court issued a Report and

1

Recommendation granting in part and denying in part Defendants' motion [ECF No. 29], which was adopted by United States District Court Judge Anthony J. Battaglia on August 22, 2016 [ECF No. 31]. On October 24, 2016, Defendants filed a document entitled, "Defendants' Answer to Plaintiff's Complaint Under the Civil Rights Act 42 U.S.C. § 1983; Counterclaims of Counterclaimant City of San Diego and Officer Sullivan; and Attached Exhibit A" (the "Counterclaims") [ECF No. 32]. In this filing, Counterclaimants City of San Diego[1] and John Sullivan pleaded claims against Flores for negligent resisting arrest and assault and battery. (Defs.' Answer Pl.'s Compl. & Countercls. 14-15, Oct. 24, 2016, ECF No. 32.)[2] They seek damages and other relief in connection with these claims. (Id. at 15-16.)

The Counterclaims were served on Plaintiff four separate times. First, they were mailed to Flores on October 24, 2016. (See id. Attach. #2 Certificate Serv. 2-3, Oct. 24, 2016.) This pleading was again mailed to Plaintiff on November 17, 2016. (Certificate Serv. 2-3, Nov. 17, 2016, ECF No. 36.) The Counterclaims were then personally served on Flores while he was appearing in San Diego Superior Court on November 30, 2016. (Certificate Serv. 2-3, Nov. 30, 2016, ECF No. 37.) Plaintiff was again served by mail on December 7, 2016. (Certificate Serv. 3-4, Jan. 5, 2017, ECF No. 43.) Flores did not file a responsive pleading to the Counterclaims. On January 5, 2017, the Counterclaimants filed the Motion for Default [ECF No. 44].

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.

---

[1] The City of San Diego was not a named Defendant in Plaintiff's Complaint. (See Compl. 1-2, ECF No. 1.)

[2] The Court will cite to documents as paginated on the electronic case filing system.

R. Civ. P. 55(a). In most cases, however, a default does not automatically entitle a party to a default judgment. See 10 James Wm. Moore, et al., Moore's Federal Practice § 55.10[1], at 55-14 (3d ed. 2017) (footnotes omitted) ("Rule 55 requires a two-step process. The first step, entry of default, is a ministerial matter performed by the clerk and is a prerequisite to a later default judgment."). The clerk of the court must enter a default judgment "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Id. (b)(2)

Generally, "[i]f a defendant fails to respond to a complaint, default judgment may be entered on behalf of the plaintiff." Fed. Mar. Comm'n v. S.C. State Ports Auth., 535 U.S. 743, 757 (2002) (citation omitted) (discussing the Federal Maritime Commission Rules of Practice and noting the similarity to the Federal Rules of Civil Procedure). Service of process must be properly completed before a default judgment may be entered. Jacobs v. Tenney, 316 F. Supp. 151, 165-66 (D. Del. 1970). But "default judgments are ordinarily disfavored." Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). "Cases should be decided upon their merits whenever reasonably possible." Id. (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)).

## III. DISCUSSION

In their Motion for Default, Counterclaimants contend that Plaintiff failed to defend the claims against him within the time required by the Federal Rules of Civil Procedure. (Mot. Default 2, ECF No. 44 (citations omitted).) They served the Counterclaims on Flores both personally and by mail. (See id. at 3 (citations omitted).) The Counterclaimants further state that in a telephone conversation with defense counsel on December 7, 2016, Plaintiff acknowledged that he had been served with the Counterclaims and that he was required to respond by December 21, 2016. (Id. at 3-4

(citations omitted).)³ The contents of this phone conversation were memorialized in a letter sent to Flores the same day. (Id. at 4 (citations omitted).) Counterclaimants indicate, however, that Flores failed to respond to the claims against him by December 21, 2016. (Id. at 5.) As a result, they ask that a default be entered against Plaintiff "for failure to timely plead or otherwise defend against the Counterclaimants' Counterclaims." (Id.)

Federal Rule of Civil Procedure 12(a)(1)(B) states that "[a] party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim." Fed. R. Civ. P. 12(a)(1)(B). Flores was properly served with the Counterclaims on four separate occasions [ECF Nos. 32, 36, 37, 43]. Even if the Court were to use December 7, 2016, the last date Plaintiff was served, as the date of service, his deadline to respond to the Counterclaims was January 3, 2017. See Fed. R. Civ. P. 12(a)(1)(B); see also Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire under Rule 6(a).").

Flores has not filed any response to the Counterclaims. Nor has he made an appearance in this case since filing a notice of change of address on August 18, 2016 [ECF No. 30]. Because Plaintiff did not respond to the Counterclaims by the deadline set forth by the federal rules, a default should be entered against him. See Cook v. Olathe Med. Ctr., Inc., Civil Action No. 10–2133–KHV, 2011 WL 1403176, at *1 (D. Kan. Apr. 13, 2011) (internal citation omitted) ("Pursuant to Rule 12(a)(1)(B), plaintiff had 21 days, or until February 1, 2011, to file an answer or otherwise respond to the counterclaim. Plaintiff did not do so. Because plaintiff has failed to plead or otherwise defend the counterclaim, [defendant] is entitled to an entry of default under Rule 55(a).").

---

³ The Counterclaimants incorrectly state that December 21, 2016, was the deadline for Flores to respond to the Counterclaims.

As a result, the Motion for Default [ECF No. 44] should be **GRANTED**, and the Clerk of Court should enter a default against Flores as to the Counterclaims.

### IV. CONCLUSION AND RECOMMENDATION

For the reasons discussed, the Motion for Default [ECF No. 44] should be **GRANTED**. The Clerk of Court should enter a default against Plaintiff as to the Counterclaims. This Report and Recommendation will be submitted to the United States District Court judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party may file written objections with the Court and serve a copy on all parties on or before May 19, 2017. The document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed on or before June 2, 2017.

The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: April 21, 2017

Hon. Ruben B. Brooks
United States Magistrate Judge