UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL FLORES,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO POLICE DEPARTMENT; OFFICER BRADLEY; OFFICER SULLIVAN,<br><br>　　　　　　　　　Defendants. | Case No.: 15-cv-2024 AJB-RBB<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR DEFAULT JUDGMENT**<br><br>**(Docs. No. 60, 63)** |

Before the Court is Counterclaimants San Diego Police Department and Officer Sullivan's Motion for Default Judgment against Rafael Flores. (Doc. No. 60.) Flores, a state prisoner proceeding pro se and in forma pauperis, has not opposed the motion. For the reasons set forth herein, Defendants' motion for default judgment is **GRANTED**.

## I. BACKGROUND

In a 42 U.S.C. § 1983 civil rights action, Flores asserted an excessive force claim against the SDPD and Police Officers Bradley, Sullivan, Stanley, and Jones (collectively, "Defendants"). (Doc. No. 1.) In response, Defendants filed a Motion to Dismiss. (Doc. No. 16.) This Court dismissed the Complaint with prejudice as to SDPD and dismissed without prejudice as to Officer Jones, requiring an amended complaint from Flores within sixty days. (Doc. No. 31 at 4.) Because Flores failed to file an amended

1

complaint that cured certain deficiencies, the Court dismissed Flores' claims against Officer Jones with prejudice as well. (Doc. No. 63 at 4.) The remaining Officers named in the Complaint filed an answer that included two counterclaims specific to Officer Sullivan and the City of San Diego[1] (collectively as "Counterclaimants"). (Doc. No. 32.) In this filing, Counterclaimants pled claims against Flores for negligent resisting arrest and assault and battery. (Doc. No. 32.) Counterclaimants sought a judgment against Flores for workers' compensation benefits paid to Officer Sullivan and his future disability benefits and costs of medical care treatment, (Doc. No. 32 at 15–16), in the amount of $22,393.64, (Doc. No. 60 at 2).

Although Flores was served the counterclaims four separate times, (Docs. No. 37, 43, 63 at 4–7), Flores has not filed a responsive pleading, (Doc. No. 63 at 7). He indicated to Defendants that he was no longer interested in pursuing his claims. (*Id*. at 6.) As a result, Counterclaimants filed a request for an entry of default judgment, which the Court Clerk entered. (Doc. No. 58.) In the following months, Counterclaimants filed the present action, a Motion for Default Judgment, and a Motion to Supplement. (Docs. No. 60, 63.)

Service has not been effectuated to Flores, as his mail is repeatedly being returned as undelivered. (Docs. No. 62, 59, 56, 55.) His current mailing address represents he is in custody at the San Diego Central Jail, however, returned mail indicates he is not in custody. (Doc. No. 62 at 4.) The Court is presently unaware of Flores' location.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) permits a court, following default by a defendant, to enter default judgment in a case. It is within the sound discretion of the district court to grant or deny an application for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the Court considers the following factors, commonly referred to as the *Eitel* factors: (1) "the possibility of prejudice to the

---

[1] The City of San Diego was not named as a Defendant in Flores' Complaint. (*See* Doc. No. 1 at 1-2.)

plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citation omitted).

Generally, once the court clerk enters default, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). However, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992), *superseded by statute on other grounds*, Pub. L. No. 100-702, 102 Stat. 4669.

### III. DISCUSSION

Counterclaimants bring suit against Flores for negligent resisting arrest and assault and battery. The Court notes that Counterclaimants only address four of the seven *Eitel* factors, nonetheless, the Court finds the *Eitel* factors favor granting default judgment.

*1. Possibility of Prejudice to the Plaintiff*

There is a possibility of prejudice to the Counterclaimants when denying default judgment would leave them without an alternate recourse for recovery. *See PepsiCo Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Flores shows an unwillingness to participate by his own statement indicating he did not want to pursue his claims. His unwillingness to participate is also evidenced by not answering the counterclaims after being served four times and failing to participate in the case for almost a year, leaving default judgment as the Counterclaimants only option. (Doc. No. 63 at 9.)

2. *Substantive Merits and Sufficiency of Claim*

Under the second and third *Eitel* factors, the Court must examine whether the Counterclaimants have pled facts sufficient to establish and succeed on its claims. *See Eitel*, 782 F.2d at 1471. These factors require the complaint "state a claim on which the [counterclaimants] may recover." *PepsiCo*, 238 F. Supp. 2d at 1175. Although Counterclaimants do not touch on this issue, the Court notes this factor favors an entry for default judgment. Counterclaimants assert two claims: assault and battery and negligent resisting arrest. Taking their allegations as true, *see* Fed. R. Civ. P. 8(b)(6), the Court finds that Counterclaimants have pled facts to succeed on their claims.

"In order to establish a case of civil assault and battery, all that is necessary is that the evidence show that plaintiff's injury was caused by defendant's violence . . . ." *Lopez v. Surchia*, 112 Cal. App. 2d 314, 315 (1952). "If the cause of action is an alleged battery committed in the performance of an unlawful or wrongful act, the intent of the wrongdoer to injure is immaterial." *Id*.

Counterclaimants offer the following evidence to support their claims: Officer Sullivan's ulna in his right arm was broken during Flores' arrest. (Doc. No. 63 at 2.) The counterclaim alleges that Flores fled as Officer Sullivan approached him, which caused Sullivan to pursue Flores. While ultimately, being taken into custody, Flores "violently resisted" a lawful arrest. (Doc. No. 32 at 15.) Despite Officer Sullivan's numerous verbal commands, when he came into contact with Flores, Flores purportedly continued to struggle: violently pushing upwards on his hands and knees. (Doc. No. 63-2 at 19.) Throughout this ordeal, Officer Sullivan sustained a broken right arm and cuts to his left elbow. (Doc. No. 32 at 15.) Because Officer Sullivan's injuries were caused by Flores' resisting arrest, he is potentially liable for civil assault and battery. And because the acts were unlawful, the Counterclaimants do not need to prove Flores' intent to prevail on an assault or battery claim.

As to Counterclaimants' negligence claim, every citizen in California has a duty to submit to lawful arrest by a police officer. *People v. Lawrence*, 149 Cal. App. 2d 435, 446

(1957). Counterclaimants adequately pleaded Flores' breach of this duty by alleging Flores' attempts to flee and his struggles with multiple officers. (Doc. No. 32 at 14-15.)

   3. *Sum of Money at Stake*

Counterclaimants did not address this factor, however, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. Default judgment is disfavored where the sum of money at stake is too large or unreasonable in light of defendant's actions. *See Totten v. Hurrell*, No. 00–2718, 2001 U.S. Dist. LEXIS 20259, at *2 (N.D. Cal. Nov. 28, 2001) (stating that "the 'sum of money at stake' factor [under *Eitel*] is meant to focus on the size of the award requested, as courts are hesitant to enter default judgments where large sums of money are at stake," and finding an award of $19,977.74 not a "large money judgment" in today's world). The Court considers Counterclaimants' declarations, calculations, and other documentation of damages in determining if the amount at stake is reasonable. *See Walters v. Shaw/Guehnemann Corp.*, No. C 03-04058 WHA, 2004 U.S. Dist. LEXIS 11992, at *7 (N.D. Cal. Apr. 15, 2004) (finding plaintiff's calculations of damages and attorney fees reasonable, based on plaintiff's sworn declarations and pay stubs and other documentation submitted by plaintiffs). *See also Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010) (finding the evidence of Plaintiff's invoice summaries, copies of invoices and underlying documents to reflect outstanding balances clearly specified the charges and damages Plaintiff requested, showing proportionality to the harm caused by the Defendant's actions).

In the present case, Counterclaimants seek recovery of $22,393.64, which includes Officer Sullivan's $7,563.04 medical costs and $14,830.64 industrial leave costs. (Doc. No. 63-5 at 2.) Providing multiple invoices with billing statements, the Court finds Counterclaimants adequately prove up the amount sought. The sum of the amount is reasonable because it is supported by the evidence on the record, and this factor therefore weighs in favor of default. *See, e.g.*, *Walters*, 2004 U.S. Dist. LEXIS 11992 at *8–9 (where the amount of damages was supported by pay stubs and other documentation).

5

15-cv-2024 AJB-RBB

### 4. *Possibility of Dispute Concerning Material Facts*

The next pertinent *Eitel* factor considers whether there are disputed material facts. "Upon entry of default, all well pleaded facts in the complaint are taken as true, except those relating to damages." *PepsiCo*, 238 F. Supp. 2d at 117. Here, Counterclaimants have alleged sufficient facts to support its claims as analyzed above. Moreover, because Flores failed to participate in litigation, the clerk entered default against him, submitting all well pleaded facts as true. Thus, there is no dispute of material facts and this factor favors the entry of default judgment against Flores.

### 5. *Excusable Neglect*

There is no indication that Flores allowed its default to be taken as a result of excusable neglect. Flores has intentionally refused to participate in multiple stages of his own lawsuit, including providing his current address. (Doc. No. 63 at 9.) After being served with the complaint, Flores had four opportunities to motion this Court for time to respond or show any excusable neglect, but failed to do so. Instead, over the course of this litigation, Flores has chosen inaction without explanation. Consequently, this factor weighs in favor of the entry of default judgment.

### 6. *Policy Favoring Decisions on the Merits*

Although default judgment is disfavored, a decision on the merits is impractical, if not impossible, when the defendant takes no part in the action. *Penpower Technology Ltd. v. S.P.C. Technology*, 627 F. Supp. 2d 1083, 1093 (N.D. Cal. 2008). Given that Flores has repeatedly failed to respond to the counterclaims, the general preference for resolution on the merits is not equally applicable. *See, e.g.*, *id*. In sum, the relevant considerations weigh in favor of entry of default judgment against Flores.

///

///

///

///

## IV. CONCLUSION

For the reasons set forth above, the Motion for Default Judgment against Flores, (Docs. No. 60, 63), is **GRANTED**. The Court awards $22,393.64. The Clerk is directed to enter judgment consistent with this order.

**IT IS SO ORDERED**.

Dated: November 2, 2017

Hon. Anthony J. Battaglia
United States District Judge